State vs. Weckerling.

## No. 9535.

### THE STATE OF LOUISIANA vs. JOHN J. WECKERLING.

A manufacturer of beer, or one charged as "engaged in the business of a brewery," is not exempt from license taxation under the State Constitution. The subject of such exemption is regulated by Art. 206 of the Constitution. Article 207 refers alone to a property tax.

A brewer or manufacturer of beer is not one "engaged in distilling and rectifying alcoholic or malt liquors," and is not therefore subject to the license tax provided by Section 9 of Act 4 of the Extra Session of 1881; but such license is governed and regulated by Sec-

tion 3 of said act. Under that section, where the receipts are $30,000, and less than $40 000, such manufacturer is only liable to a license tax of ten dollars, instead of seventy-five dollars.

APPEAL from the Second City Court, Parish of Orleans.
    *Voorhies*, J.

*John McEnery* and *W. B. Sommerville* for Plaintiff and Appellee.

*J. Q. A. Fellows* for Defendant and Appellant.

The opinion of the Court was delivered by

TODD, J. The defendant is appellant from a judgment which condemns him to pay a license of seventy-five dollars, imposed under the provisions of Sec. 9, Act 4, of Extra Session of 1881, upon those engaged in "distilling and rectifying alcoholic or malt liquors."

His contention is that he is exempt from the payment of a license by the State Constitution, and that the act imposing the license in question is unconstitutional, because violative of the exemptions therein declared in favor of manufactures; and that in any event he, defendant, is not liable for a greater license than ten dollars, imposed by section 3 of said act on the manufacturers of beer, he being such a manufacturer.

1. The first question to be determined is whether the defendant is liable to a license tax under the Constitution.

Article 206 of that instrument exempts from the payment of it, quoting: "Manufacturers, other than those of distilled, alcoholic or malt liquors, tobacco and cigars, and cotton seed oil."

We have heretofore held that "the Constitution clearly exempts (from license tax) all manufacturers not excepted." Ernst vs. City, 35 Ann. 746. It would be impossible to hold otherwise under the express terms of this article (206). Article 207 obviously applies exclusively to property taxation, and although its language is "there shall be exempt from taxation and *license*, * * * the capital, machinery and other property employed in certain designated manufactures," it is clear that the exemption applies only to property and has nothing to do with license taxation on persons pursuing any trade, profession or calling.

That subject was covered and exhausted by Art. 206.

Hence defendant, as a manufacturer, is exempt from license taxation, unless he is within the exception of Art. 206, as being a manufacturer of distilled, alcoholic or malt liquors. It is contended that the term "distilled" applies to malt liquors as well as to alcoholic liquors, and that as beer is not a distilled malt liquor it is not subject to license

taxation, It was obviously intended to exclude from the exemption manufacturers of malt liquors as well as of distilled alcoholic liquors. Such is the natural meaning of the words, independent of artificial grammatical niceties. We thus construed it ourselves, when we said in the Ernst case, "the excepted ones are those who manufacture alcoholic or malt liquors," and we cite this not as a decision on the point, but as showing the plain meaning conveyed to our minds by the words, when not confused by grammatical refinements.

Hence we conclude that the defendant is liable to license taxation.

2. The next question is as to the amount of the license tax he is subject to under the statute above referred to.

The first paragraph of sec. 3 of said act, which is under the caption of "Manufactures," provides:

"That for carrying on each business of manufacturing, not expressly exempted by Articles 206 and 207 of the Constitution, the license shall be based on gross annual receipts, as follows, viz: 　*　　*　　*　　*

"Twenty-third Class. When said receipts are thirty thousand dollars or more, and less than forty thousand dollars, the license shall be ten dollars."

The business of manufacturing malt liquors, which, as stated, includes beer, is expressly excepted from the exemptions declared by that article, and therefore it would seem clear that the amount of license due by the defendant as manufacturer of beer, under this section—granting his receipts to be under $40,000—would be only ten dollars. There would be no doubt on this point but for the language of sec. 9 of the statute, which provides, "that for carrying on the business of distilling and rectifying alcoholic or malt liquors," the license to be paid where the receipts are $37,500 or more, and less than $50,000, shall be seventy-five dollars—which is the amount of the license sought to be collected in this case.

Considering that the rule in this case shows expressly by its language that the defendant is proceeded against and charged as carrying on a "brewery," which, as we construe it, is a manufacture of beer, and inasmuch as this last provision fixing the license at $75 is to be found under the head of "Miscellaneous," and not under that of "Manufactures," which calls for the smaller license; and considering, moreover, that the defendant is strictly a brewer, a manufacturer of beer, and cannot by any reasonable rule of construction be held to be engaged in "distilling and rectifying" alcoholic or malt liquors, we conclude

that he is liable only for a license of ten dollars. He was adjudged to pay a license of seventy-five dollars. which was erroneous.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be amended by striking out the words "seventy-five" and substituting therefor the word "ten," and as thus amended it be affirmed; appellee to pay costs of appeal.